# POMERANTZLLP

**Jeremy A. Lieberman**
Managing Partner

November 22, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/22/2024

**VIA ECF**
Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007

## MEMORANDUM ENDORSED

RE:    *Fan v. Xiao-I Corporation, et al.*, 1:24-cv-07837-GHW

Dear Judge Woods:

Undersigned counsel separately represent Plaintiff Yunfan Fan ("Plaintiff") and Defendants Xiao-I Corporation ("Xiao-I"), Hui Yuan ("Yuan"), Wei Weng ("Weng"), Wenjing Chen ("Chen"), Xiaomei Wu ("Wu"), Jun Xu ("Xu"), Zhong Lin ("Lin"), and H. David Sherman ("Sherman") (collectively, "Defendants" and, together with Plaintiff, the "Requesting Parties") in the above-referenced action (the "Action"). We write jointly, pursuant to Rule 1.E. of Your Honor's Individual Rules of Practice in Civil Cases, to respectfully request an extension of time for Defendants to respond to the initial complaint ("Complaint") (Dkt. No. 1) in the Action and to defer the initial pretrial conference set for February 5, 2025 at 4:00 p.m., as well as the associated deadline of January 29, 2025 for the submission of a joint letter and Proposed Civil Case Management Plan and Scheduling Order, as set forth in the Court's Order dated October 17, 2024 (the "Initial Scheduling Order") (Dkt. No. 7).[1]

On October 15, 2024, Plaintiff commenced this Action by filing the Complaint on behalf of a putative class of investors in Xiao-I securities against Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"). *See* Dkt. No. 1. Accordingly, this Action is governed by the provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 77z-1 *et seq.*, 78u-4 *et seq.*), which provides, *inter alia*: (i) that plaintiffs bringing class action claims under the Securities Act or Exchange Act must publish a notice (the "Notice") to putative class members within 20 days of the class action's filing, advising putative class members of the pendency of the action and that they may move the Court to serve as lead plaintiff in the action within 60 days after the Notice's publication; and (ii) a procedure for the appointment by the Court of lead plaintiff(s) and lead counsel to represent the putative class.

---

[1] Counsel for the Requesting Parties are currently unaware of the identity of counsel for defendants Gregory K. Lee and GKL Corporate/Search, Inc. (the "Non-Joining Defendants") and do not seek to extend those defendants' time to respond to the initial Complaint. Plaintiff's counsel is still in the process of serving the Non-Joining Defendants.

**jalieberman@pomlaw.com**

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9971
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com



Hon. Gregory H. Woods, U.S.D.J.
November 22, 2024
Page 2

On October 15, 2024, Plaintiff's counsel caused the statutorily required Notice to be published via *AccessWire*, a national newswire service, pursuant to the PSLRA (15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i)), announcing the pendency of the Action, the claims asserted in the Action, the putative class and class period alleged in the Action, and that any member of the putative class may move the Court to serve as lead plaintiff in the Action not later than December 16, 2024—*i.e.*, within 60 days after the date on which the Notice was published.[2]

Accordingly, by December 16, 2024, Plaintiff or other members of the putative class may move this Court to serve as lead plaintiff(s) and for their chosen selection of counsel to be appointed as lead counsel on behalf of the class.  After the entry of an order by the Court pursuant to the PSLRA (15 U.S.C. §§ 77z-1(a)(3), 78u-4(a)(3)) appointing lead plaintiff(s) and lead counsel to oversee the Action, the Requesting Parties expect the Court-appointed lead plaintiff(s) will file an amended and/or consolidated complaint that will supersede the initial Complaint, as is customary in cases governed by the PSLRA.

Defendants Xiao-I, Yuan, Weng, Wu, Xu, Lin, and Sherman waived service of the summons and Complaint on October 16, 2024, and accordingly, pursuant to Federal Rule of Civil Procedure 12(a)(1), have until December 16, 2024 to file an answer or otherwise respond to the initial Complaint.  *See* Dkt. Nos. 12-14, 16-19.  Defendant Chen waived service of the summons and Complaint on November 15, 2024, and accordingly, pursuant to Federal Rule of Civil Procedure 12(a)(1), has until January 14, 2025 to file an answer or otherwise respond to the initial Complaint.  *See* Dkt. No. 15.  Defendants currently intend to file a motion to dismiss in response to the Court-appointed lead plaintiff(s)' amended and/or consolidated complaint, or the initial Complaint if designated as the operative complaint.  The PSLRA provides for an automatic stay of discovery in this Action during the pendency of any motion to dismiss.  *See* 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B).

In the interest of judicial economy, as a result of the special procedures specified by the PSLRA, including the appointment of lead plaintiff(s) and lead counsel to oversee the Action and the statutory stay of discovery, the Requesting Parties agree to and respectfully request that the Court defer Defendants' obligation to respond to the initial Complaint, as well as adjourn the initial conference with the Court and any associated deadlines as specified in the Court's Initial Scheduling Order (*see* Dkt. No. 7 at 2), until after the Court's appointment of lead plaintiff(s) and lead counsel.

---

[2] Here, 60 days from the date on which the Notice was published is Saturday, December 14, 2024. Accordingly, pursuant to Federal Rule of Civil Procedure 6(a), the Notice provides a deadline of December 16, 2024 to seek appointment as lead plaintiff.

**jalieberman@pomlaw.com**

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9971
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com



Hon. Gregory H. Woods, U.S.D.J.
November 22, 2024
Page 3

      Subject to the Court's approval, the Requesting Parties have agreed that within fourteen (14) days of the Court's entry of an order appointing lead plaintiff(s) and lead counsel, counsel for the Court-appointed lead plaintiff(s) and Defendants shall meet and confer and jointly submit for the Court's approval a proposed schedule for the filing of an amended and/or consolidated complaint or designating the initial Complaint as the operative complaint, Defendants' response to the same, and all briefing or other submissions associated with any motion(s) to dismiss.

      This is the Requesting Parties' first request for an extension.  We thank the Court for its consideration of this matter.

                    Respectfully submitted,

POMERANTZ LLP

STINSON LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*/s/ Richard J.L. Lomuscio*
Richard J.L. Lomuscio
Nicole Khalouian
100 Wall Street, Suite 201
New York, New York 10005
Telephone: (646) 883-7471
Facsimile: (646) 883-7477
richard.lomuscio@stinson.com
nicole.khalouian

*Counsel for Defendants Xiao-I Corporation, Hui Yuan, Wei Weng, Wenjing Chen, Xiaomei Wu, Jun Xu, Zhong Lin, and H. David Sherman*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

Application granted.  The parties' request to adjourn the initial pretrial conference and to extend the associated deadlines is granted.  The initial pretrial conference scheduled for February 5, 2025 is adjourned *sine die*, pending the resolution of any motions to serve as lead plaintiff or to file a consolidated complaint.  The deadline for Defendants to answer or otherwise respond to the complaint is likewise extended *sine die*.  The deadline for the parties to submit the joint letter and proposed case management plan is adjourned *sine die*.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 20.

*Counsel for Plaintiff*

SO ORDERED.

Cc: All counsel (via ECF)

Dated: November 22, 2024
New York, New York

GREGORY H. WOODS
United States District Judge

jalieberman@pomlaw.com

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9971
NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV
www.pomlaw.com