

Richard J.L. Lomuscio
**PARTNER**

DIRECT: 646.883.7675
OFFICE: 646.883.7471

richard.lomuscio@stinson.com

May 7, 2025

**<u>BY ECF</u>**
The Honorable Gregory H. Woods
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

  Re: *Shiyao v. Xiao-I Corporation* et al, 1:24-cv-07837-GHW

Dear Judge Woods:

  In accordance with Rule 2(E)(i) of Your Honor's Individual Rules of Practice in Civil Cases and the Scheduling Stipulation and Order, entered April 7, 2025 (ECF No. 48), Defendants Hui Yuan, Wei Weng, Wenjing Chen, Xiaomei Wu, Jun Xu, Zhong Lin, H. David Sherman (collectively, the "Individual Defendants"), and Xiao-I Corporation ("Xiao-I" or "Company", and together with the Individual Defendants, "Defendants"), respectfully submit this request for a pre-motion conference regarding Defendants' anticipated motion to dismiss Lead Plaintiff Qiao Shiyao's ("Plaintiff") Amended Complaint ("AC") (ECF No. 37) for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b) and 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(2).

  The AC asserts claims for violations of Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k, 77o) (individually, "Section 11" and "Section 15"), as well as Sections10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and Rule 10b-5 (17 C.F.R. § 240.10b-5) (individually, "Section 10(b)", Section 20(a)", and "Rule 10b-5"). Plaintiff's pleading fails as a matter of law because it does not (i) identify any material misrepresentation or omission by Xiao-I, (ii) allege scienter with sufficient particularity, or (iii) adequately plead loss causation.

  **A.** **<u>Plaintiff Does Not Plead That Xiao-I's Registration Statement Or Form 20-F Contained A Material Misrepresentation Or Omission Precluding Claims For Violations Of Section 11, Section 15, Section 10(b), Rule 10b-5, and Section 20(a).</u>** The AC's core allegation is that certain statements in Xiao-I's Registration Statement disclosed in connection with its initial public offering ("IPO") of American Depositary Shares ("ADSs"), and the Company's April 28, 2023 Annual Report on Form 20-F for the year ended December 31, 2022 ("2022 20-F") were rendered inaccurate by an amendment made to Xiao-I's Annual Report on Form 20-F filed by Xiao-I ("Amended 2022 20-F"). (AC ¶¶ 9-11, 66-75.) To state a claim under Section 11, the complaint must allege Defendants made "an untrue statement of a material fact or omitted to state a material fact . . . necessary to make the statements therein not misleading." *In re Morgan Stanley Info. Fund Sec. Litig.,* 592 F.3d 347, 358-59 (2d Cir. 2010). "The test for whether a statement is materially misleading under Section 10(b) and Section 11 is 'whether the defendants' representations, taken together and in context, would have misled a reasonable investor.'" *Rombach v. Chang*, 355 F.3d 164, 172n.7 (2d Cir. 2004) (quoting (*I. Meyer Pincus & Assoc. v. Oppenheimer & Co.,* 936 F.2d

May 7, 2025
Page 2

759, 761 (2d Cir. 1991)). Plaintiff does not allege that any statements in the Registration Statement or the 2022 20-F are false. To the contrary, Plaintiff concedes that Xiao-I's reported revenue was facially accurate, which precludes any claim Plaintiff purports to have under Section 11. (AC ¶¶ 104-106; *See Willard v. UP Fintech Holding Ltd.*, 527 F. Supp. 3d 609, 618 (S.D.N.Y. 2021) ("[I]t is well established that a violation of federal securities laws cannot be premised upon a company's disclosure of accurate historical data."). In any event, the AC rests on an omissions-based theory of liability, namely that Xiao-I's Comprehensive Statement of (Loss)/Income in the financial statements was misleading because it did not disaggregate costs of revenue for each of its service offerings. But, there is no inference of materiality based on a change in financials alone; rather, courts must look to the change "in the context of the company's total operations," not "based on the change in the line item alone." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2020 WL 1508748, at *9 (S.D.N.Y. Mar. 30, 2020). Although the SEC did not require Xiao-I to do so, the Company voluntarily filed the Amended 2022 20-F, supplementing its Consolidated Statement of Operations and Comprehensive (Loss)/Income with a breakdown of costs of revenues by product and service categories, while the total net revenues remained the same as previously reported. (AC ¶¶ 104-106.)

Likewise, the AC's allegations regarding inadequate disclosure of risks associated with Chinese shareholders' non-compliance with certain Chinese registration requirements are without merit. "To state a claim under Item 105, an issuer must know, at the time of the IPO, about an undisclosed risk factor that could seriously affect its present or future business." *Wandel v. Gao*, 590 F.Supp.3d 630, 646 (S.D.N.Y. 2022). "When the omitted information concerns a contingent or speculative event, 'the materiality of those events depends on a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event in light of the totality of the company activity.'" *Lau v. Opera Ltd.,* 527 F. Supp. 3d 537, 554 (S.D.N.Y. 2021) (quoting *Castellano v. Young & Rubicam, Inc*., 257 F.3d 171, 180 (2d Cir. 2001)). No material misrepresentation or Item 105 violation occurred as the Registration Statement disclosed that non-compliance might result in penalties for shareholders. These disclosures satisfied regulatory requirements by providing investors with sufficient information about potential risks. The AC incorrectly characterizes the additional details about potential impacts on the use of IPO proceeds as material omissions, when in fact they represent supplemental information that elaborates on risks that were already adequately disclosed. The Company had no obligation to enumerate every conceivable consequence of the disclosed non-compliance risk.

**B.      Plaintiff Fails To Establish Scienter Precluding Claims For Violations Of Section 11, Section 10(b), Rule 10b-5, Section 15 and Section 20(a).** Plaintiff's scienter allegations are conclusory and do not plead scienter with particularity based on either motive and opportunity or strong evidence of conscious misbehavior or recklessness. *See In re PXRE Group, Ltd., Sec. Litig.*, 600 F.Supp.2d 510, 527 (S.D.N.Y. 2009); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). The AC merely references Xiao-I's negative cash flow as of June 30, 2022 and need for research and development investment, and speculates that the need for capital to remain competitive, motivated the purported fraudulent behavior. (AC ¶¶ 163-164; *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 200 (2d Cir. 2009) ("the desire to maximize the corporation's profits does not strengthen the inference of an intent to defraud"). Similarly, repeating allegations that Xiao-I "failed to disclose the costs of revenues by identifiable product or service" (AC ¶ 167) does not support an inference that the

May 7, 2025
Page 3

Company acted intentionally or recklessly. Such threadbare allegations of scienter are routinely dismissed at the pleading stage. *See, e.g., In re PXRE Group, Ltd., Sec. Litig.*, 600 F. Supp. 2d at 530. Moreover, Plaintiff's Section 11 claims should be dismissed because they fail to meet Rule 9(b)'s heightened pleading standard. When securities claims sound in fraud, courts require strict compliance with Rule 9(b)'s particularity requirements, including pleading the defendant's state of mind. *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (claims that sound in fraud are "subject to the test of Rule 9(b)"); *see also e.g., In Re Chembio Diagnostics, Inc. Sec. Litig.,* 616 F.Supp.3d 193, 204 (E.D.N.Y 2022) ("courts in this circuit have consistently applied *Rombach* to dismiss Securities Act claims that sound in fraud but fail to plead scienter.")

**C.     Plaintiff Fails To Plead Loss Causation Precluding Claims For Violations Of Section 10(b), Rule 10b-5, and Section 20(a).** Plaintiff's loss causation allegations are insufficient. To establish loss causation, "a plaintiff must allege ... that the subject of the fraudulent statement or omission was the cause of the actual loss suffered." *Suez Equity Investors, L.P. v. Toronto–Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001). The AC focuses on the stock price decline purportedly resulting from the market's reaction to the Amended 2022 20-F and Form 6-K, filed on August 10, 2023 and September 25, 2023 respectively (AC ¶171.). The AC fails to allege that these "corrective disclosures" actually caused Plaintiff's economic losses or that they "reveal the falsity of an alleged misstatement." *In re Omnicom Group, Inc. Secs. Litig.*, 541 F.Supp.2d 546, 552 (S.D.N.Y. 2008).

**D.     Plaintiff Fails to Plead Control Person Liability Precluding Claims For Violations Of Section 15 and Section 20(a))** The AC also does not sufficiently plead control person liability under Section 15 or Section 20(a). A claim for control person liability under Section 20(a) must allege "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *AT&T Commc'ns Inc. v. Shaar Fund, Ltd.*, 93 F.3d 87, 108 (2d Cir. 2011). Similarly, "the success of a claim under section 15 relies, in part, on a plaintiff's ability to demonstrate primary liability under section 11." *In re Morgan Stanley*, 592 F.3d at 358. As set forth above, the AC fails to show a primary violation by the Defendants. The AC also fails to allege that any individual Defendant was a "culpable participant" in the alleged fraud, as it does not plead scienter as to a specific individual defendant or with particularity. *See, e.g., Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 435 (S.D.N.Y. 2010). Consequently, Plaintiff has failed to state a Section 15 or Section 20(a) claim.

For the foregoing reasons, Defendants believe that the AC should be dismissed and respectfully request a pre-motion conference to address their proposed motion.

Respectfully submitted,

Richard J.L. Lomuscio

cc:  All Counsel of Record (via ECF)