

**Andrew L. Van Houter**
Partner
andrew.vanhouter@faegredrinker.com
+1 973 549 7018 direct

faegredrinker.com

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

May 7, 2025

<u>**VIA ECF**</u>

Hon. Gregory H. Woods
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

**Re:**    ***Shiyao v. Xiao-I Corporation et al.,* 1:24-cv-07837-GHW**

Dear Judge Woods:

We represent defendants Prime Number Capital LLC ("PNC"), Guotai Junan Securities (Hong Kong) Limited ("GJS"), SBI China Capital Financial Services Limited ("SBI"), and AC Sunshine Securities LLC ("AC Sunshine," collectively the "Underwriter Defendants") in the above-referenced action. We write pursuant to Rule 2(E)(i) of your Individual Rules of Practice in Civil Cases and the Scheduling Stipulation and Order, entered April 7, 2025 (ECF No. 48), to request a pre-motion conference regarding the Underwriter Defendants' anticipated motion to dismiss Plaintiff's sole claim against them.

As alleged in the Amended Complaint ("AC") (ECF No. 37), Xiao-I Corporation ("Xiao-I") is a Cayman Islands company headquartered in the People's Republic of China that operates a global artificial intelligence company. (AC ¶ 4.) The gravamen of the AC is that Xiao-I fraudulently "obfuscated" certain gross margin measures and downplayed certain risks associated with Chinese shareholders' noncompliance with China's Circular 37 Registration requirements, rendering the Registration Statement "materially false and/or misleading." (*See* AC ¶¶ 11, 14.) These supposed material misstatements and/or omissions were allegedly the result of other defendants' "scheme to defraud" pursuant to which those other defendants "participated in a course of business that operated as a fraud or deceit on purchasers of" Xiao-I's American Depository Shares. (AC ¶ 159.) The Underwriter Defendants allegedly "knew of" these "false and/or misleading statements" because they "reached understandings with Xiao's [*sic*] top executives as to: (i) the strategy to best accomplish the IPO; . . . (iii) the language to be used in the Registration Statement; (iv) what disclosures about Xiao-I's business operations would be made in the Registration Statement; and (v) what responses would be made to the SEC in connection with its review of the Registration Statement." (AC ¶ 56.)

- 2 -                                                                                                                                May 7, 2025

Hon. Gregory H. Woods

Based on the foregoing, the AC asserts a single cause of action against the Underwriter Defendants for alleged violations of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. The Underwriter Defendants join in the arguments asserted by Xiao-I Corporation and the Individual Defendants,[1] namely that the Section 11 claim fails because Plaintiff fails to plead an actionable misrepresentation or omission. Indeed, Plaintiff does not actually plead that any statement in the Registration Statement was actually false and in fact concedes that the reported revenue information about which she complains was facially accurate. (*See* AC ¶¶ 104-106.) And the Registration Statement explicitly disclosed that Chinese shareholders' non-compliance with Circular 37 might result in penalties for shareholders. The Underwriter Defendants write separately, however, because the Section 11 claim asserted against them is particularly weak and is not pled with the requisite particularly.

Plaintiff's Section 11 claim sounds in fraud and is therefore subject to the heightened pleading standards of Rule 9(b). It is well established that "'the heightened pleading standard of Rule 9(b) applies to Section 11 claims insofar as the claims are premised on allegations of fraud.'" *Fernandes v. Centessa Pharms. PLC*, No. 1:22-CV-8805-GHW, 2024 WL 3638254, at *13 (S.D.N.Y. Aug. 2, 2024) (quoting *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004)). In considering whether a Section 11 claim sounds in fraud the Court examines the complaint to ascertain whether it contains a conclusory or "blanket" disclaimer of fraud, the allegations include "classic fraud language," the complaint fails to show any non-fraudulent basis for the claims, and whether the factual and fraudulent allegations are separated. *See Fernandes*, 2024 WL 3638254, at *13. All four of those factors are present here. The AC contains conclusory disclaimers of fraud (*see* AC ¶¶ 32, 123), but contains language classically associated with fraud, such that the defendants "obfuscated" information rendering the Registration Statement "materially false and/or misleading" as part of a "scheme to defraud," and that Underwriter Defendants "knew of" such false and/or misleading statements. (AC ¶¶ 11, 56, 159.) Nor does the AC show any non-fraudulent basis for the claims. Instead, it merely asserts in conclusory fashion that none of the defendants "made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true." (AC ¶ 128.) And while the complaint structurally separates the Securities Act and Exchange Act counts, they derive from a common pool of factual allegations. (*Compare* AC ¶ 123 ("incorporates the foregoing ¶¶ 1-2, and 4-122 by reference") *with* AC ¶ 182 ("incorporates the foregoing ¶¶ 1, 3-30, 58-94, 102-116, and 138-181.") *See In re Gentiva Secs. Litig.*, 932 F. Supp. 2d 352, 393 (E.D.N.Y. 2013) ("In sum, even though the Plaintiff does separate out the factual allegations supporting the fraud claims and negligence claims, the complaint contains a blanket disclaimer that the plaintiffs do not allege fraud for the purposes of the Securities Act claims; the allegations largely parrot the fraud allegations; and the complaint does not show any basis for the claims that is non-fraudulent."); *see also Grp. Holding Ltd. Sec. Litig.*, No. 22-CV-9864 (ER), 2024 WL 759246, at *10 (S.D.N.Y. Feb. 23, 2024) ("In cases involving nearly identical Securities Act and Exchange Act claims, such as the claims here, courts in this District apply the heightened pleading standard.").

---

[1] The Individual Defendants are Defendants Hui Yuan, Wei Weng, Wenjing Chen, Xiaomei Wu, Jun Xu, Zhong Lin, and H. David Sherman.

- 3 -                                                                    May 7, 2025

Hon. Gregory H. Woods

Although scienter is not an element of a Section 11 claim, when the claim sounds in fraud, Rule 9(b) requires that the plaintiff "convey through factual allegations that the defendants made materially false statements, and that they did so with *scienter*." *Coronel v. Quanta Capital Holdings Ltd.*, No. 07 Civ. 1405 (RPP), 2009 WL 174656, at *16 (S.D.N.Y Jan. 26, 2009); *see also In re Chembio Diagnostics, Inc. Secs. Litig.*, 616 F. Supp. 3d 192, 203 (E.D.N.Y. 2022) ("courts in this circuit have consistently applied *Rombach* to dismiss Securities Act claims that sound in fraud but fail to plead scienter" and collecting cases); *Geiger v. Solomon-Page Group, Ltd.*, 933 F. Supp. 1180, 1189-92 (S.D.N.Y. 1996) (dismissing Section 11 claim that sounded in fraud for failure to plead scienter); *IAM Nat'l Pension Fund v. Farfetch Limited*, No. 21-2752-cv, 2023 WL 2879304, at *1 (2d Cir. Apr. 11, 2023) (summary order) ("although claims under Sections 11 and 12(a) of the Securities Act are ordinarily subject to the pleading standards of Federal Rule of Civil Procedure 8(a), allegations that sound in fraud are subject to the heightened pleading standard of Rule 9(b) even though *scienter* is not an element of the Securities Act claims.").

Here, the AC does not even attempt to plead the Underwriter Defendants acted with scienter, let alone plead it with any particularity. On the contrary, "Plaintiff specifically disclaims any allegation of fraud, scienter, or recklessness" with regards to the Section 11 claim against the Underwriter Defendants. (AC ¶ 32.) The claim should be dismissed for that reason alone.

*        *        *

We thank the Court for its attention to this matter and we are available at the Court's convenience to address the foregoing issues.

Respectfully submitted,

*/s/ Andrew L. Van Houter*

Andrew L. Van Houter

cc:    All Counsel of record (via ECF)