

**THOMAS J. COTTON**
*Admitted in NJ & NY*

Direct Line: 973-540-7333
Email: tjc@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com

Serving Our Clients and Community
For Over 100 Years

May 7, 2025

**Via ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

> **Re:    Shiyao v. Xiao-I Corp., No. 1:24-cv-7837-GHW**

Dear Judge Woods:

This firm represents defendants Gregory K. Lee ("Lee") and GKL Corporate/Search, Inc. ("GKL") (collectively, "Agent Defendants") in the above-referenced matter.  Agent Defendants respectfully submit this letter, in accordance with Your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference to consider Agent Defendants' putative motion to dismiss the first amended complaint ("FAC") filed by plaintiff Qiano Shiyao ("Plaintiff").

## I.    Preliminary Statement

Agent Defendants should be freed from this lawsuit because, in addition to the arguments advanced by all other defendants, **Agent Defendants' sole involvement is merely as registered agents for service of process** who Plaintiff overzealously included as defendants.  Though Agent Defendants' names appear on the registration statement, that alone is insufficient as a matter of law for Agent Defendants to be implicated in a securities class action.

## II.    FAC's Allegations

Plaintiff raises four causes of action: (i) violation of Section 11 of the Securities Act; (ii) violation of Section 15 of the Securities Act; (iii) violation of Section 10(b) of the Exchange Act and Rule 10b-5; and (iv) violation of Section 20(a) of the Exchange Act.  Only the first two causes are pled against Lee.  As for GKL, it is only a defendant with respect to the first cause.

Plaintiff's FAC is devoid of any non-conclusory allegations against Lee or GKL.  Agent Defendants are both identified as parties within the FAC's opening credits.  FAC ¶¶ 42, 43.  Agent Defendants are both included as defined terms in certain respects, whether it be Securities Act Individual Defendants or Securities Act Defendants.  FAC ¶¶ 44, 51.  Beyond that, Plaintiff merely asserts that the Securities Act Individual Defendants (*i.e.*, Lee and others) were "directors, executive officers, and/or major shareholders" or otherwise "key members of the IPO working group and executives of the Company who pitched investors to purchase the shares sold in the

---



IPO."  FAC ¶ 45.  Conspicuously, Lee is not identified as having any such role within his individualized introduction—even though other Securities Act Individual Defendants are individually identified as directors or officers.  *Compare* FAC ¶ 42 *with* FAC ¶¶ 35-41.  Said another way, Lee is not really alleged to be a director, officer, or shareholder.

The absence of any non-conclusory allegations against Lee or GKL is unsurprising.  That is because both Agent Defendants are repeatedly identified throughout the registration statement as Xiao-I's "agent for service of process in the United States."  Xiao-I Corp., Registration Statement (Form F-1) (Dec. 19, 2022).

### III.    Legal Arguments

In addition to all other reasons calling for the dismissal of Counts One and Two of the FAC advanced by all other defendants, there are two reasons why Agent Defendants should be dismissed that are unique to them.

#### A.    *As a matter of law, neither Section 11 nor Section 15 of the Securities Act imposes liability on agents for service of process.*

The claims against Agent Defendants should be dismissed because they have no support in the relevant statutes and no support in the case law.

*First*, the relevant statutes.  If the statutory language is read in a vacuum, one might believe that agents for service of process—or anyone under the sun—can be sued for having their names appear on a registration statement.  *See* 15 U.S.C. § 77k(a)(1) (imposing strict liability on "every person who signed the registration statement").

But courts do not interpret statutes in a vacuum.  *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 207 (S.D.N.Y. 2024) (citing *Abramski v. United States*, 573 U.S. 169, 179 (2014)).  Within each of the four other categories of individuals who can face Section 11 liability, the statute draws a rational connection to individuals who are ostensibly involved in the registration statement's substance.  *See* 15 U.S.C. § 77k(a)(2)-(5) (including, among other categories, "every underwriter with respect to such security").

Likewise, courts do not interpret registration statements or similar SEC filings in a vacuum.  "'When analyzing offering materials for compliance with the securities laws, [courts] review the documents holistically and in their entirety.'"  *In re Tufin Software Techs. Ltd. Secs. Litig.*, No. 1:20-cv-5646, 2022 U.S. Dist. LEXIS 34053, at *12 (S.D.N.Y. Feb. 25, 2022) (quoting *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 365 (2d Cir. 2010)).  The FAC's references to Agent Defendants as "agents for service of process," and the relative absence of any contrary substantive references, confirms Agent Defendants are not appropriate defendants.



*Second*, the case law.  If this Court has any doubt as to whether Agent Defendants are beyond the reach of Section 11 and Section 15, then those doubts are put to rest by relevant case law.  That is to say, Agent Defendants are unaware of any judicial decision that holds agents for service of process are subject to Section 11 or Section 15 liability.

In the rare instance where agents for service of process are even mentioned in the relevant case law, those mentions are not relevant to Plaintiff's claims.  In some instances, agents for service of process are mentioned when there are issues concerning service of process.  *See, e.g.*, *Crypto Asset Fund, LLC v. Hoard, Inc.*, No. 20-cv-0438, 2020 U.S. Dist. LEXIS 266855, at *1-2 (S.D. Cal. June 19, 2020).  In other instances, agents for service of process are mentioned simply because they are named as defendants—without any evaluation of whether they *should* be defendants.  *See, e.g., Panther Partners, Inc. v. Jianpu Tech., Inc.*, No. 18-cv-9848, 2020 U.S. Dist. LEXIS 177272 (S.D.N.Y. Sept. 27, 2020).  More specifically, Agent Defendants are unaware of any court decision within which a defendant unsuccessfully contended that neither Section 11 nor Section 15 imposes liability on agents for service of process.

### B.  Assuming Plaintiff's claims are not defective as a matter of law, Plaintiff's claims are still insufficiently pled as to Agent Defendants.

Plaintiff's FAC clearly fails to plead sufficient allegations for any claim against Agent Defendants because the two are effectively absent throughout the FAC's 197 paragraphs.  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Fernandes v. Centessa Pharms. PLC*, No. 1:22-cv-8805, 2024 U.S. Dist. LEXIS 137589, at *36 (S.D.N.Y. Aug. 2, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "'A complaint must therefore contain more than naked assertion[s] devoid of further factual enhancement.'"  *Id.* at *37 (quoting *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013)).

One searches the FAC in vain for allegations against Agent Defendants that explain their inclusion in this lawsuit.  At minimum, Plaintiff fails to plead necessary non-conclusory allegations against Agent Defendants.

### IV.   Conclusion

Agent Defendants respectfully request this Court convene a pre-motion conference or otherwise grant leave to Agent Defendants to file a motion for dismissal.

Respectfully submitted,

SCHENCK, PRICE, SMITH & KING, LLP

s/ Thomas J. Cotton, Esq.
Thomas J. Cotton, Esq.