

faegredrinker.com

**Andrew L. Van Houter**
Partner
andrew.vanhouter@faegredrinker.com
+1 973 549 7018 direct

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas
New York, New York 10036
+1 212 248 3140 main
+1 212 248 3141 fax

July 14, 2025

**VIA ECF**

Hon. Gregory H. Woods
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

Re:     *Shiyao v. Xiao-I Corporation et al.,* **1:24-cv-07837-GHW**

Dear Judge Woods:

        We represent defendants SBI China Capital Financial Services Limited ("SBI"), Prime Number Capital LLC ("PNC"), Guotai Junan Securities (Hong Kong) Limited ("GJS"), and AC Sunshine Securities LLC ("AC Sunshine," collectively the "Underwriter Defendants") in the above-referenced action.  We write pursuant to Rule 2(E)(i) of your Individual Rules of Practice in Civil Cases to request a pre-motion conference regarding the Underwriter Defendants' anticipated motion to dismiss Plaintiff's sole claim against them in the Second Amended Complaint ("SAC").

        Underwriter Defendants assume the Court's familiarity with the background of the case, as outlined in the parties' previous round of letters (ECF Nos. 55-57, 60) and discussed at the May 16, 2025 conference with the Court. As in the last round of letters, the Underwriter Defendants join in the arguments asserted by Xiao-I Corporation and the Individual Defendants, namely that the Section 11 claim fails because Plaintiff fails to plead an actionable misrepresentation or omission. The Underwriter Defendants write separately, again, to emphasize that the Section 11 claim asserted against them is particularly weak and is not pled with the requisite particularity.

        The SAC's Section 11 claim continues to sound in fraud. The crux of the SAC is that the Registration Statement contained material omissions as a result of the other Defendants' alleged "scheme to defraud."  (SAC ¶ 165.) The SAC alleges that the Underwriter Defendants "reached understandings with Xiao's top executives"—the same ones who allegedly were engaged in a scheme to defraud—as to the disclosures (and omissions) that would be made in the Registration Statement.  (SAC ¶ 53.)  In other words, Plaintiff is seeking to hold the Underwriter Defendants liable for language in the Registration Statement that Plaintiff simultaneously alleges was chosen as the result of a fraud.

Hon. Gregory H. Woods                         - 2 -                         July 14, 2025

As explained in the Underwriter Defendants previous letter, although scienter is not an element of a Section 11 claim, when the claim sounds in fraud, Rule 9(b) requires that the plaintiff "convey through factual allegations that the defendants made materially false statements, and that they did so with *scienter*." *Coronel v. Quanta Capital Holdings Ltd.*, No. 07 Civ. 1405 (RPP), 2009 WL 174656, at *16 (S.D.N.Y Jan. 26, 2009); *see also In re Chembio Diagnostics, Inc. Secs. Litig.*, 616 F. Supp. 3d 192, 203 (E.D.N.Y. 2022) ("courts in this circuit have consistently applied *Rombach* to dismiss Securities Act claims that sound in fraud but fail to plead scienter" and collecting cases); *Geiger v. Solomon-Page Group, Ltd.*, 933 F. Supp. 1180, 1189-92 (S.D.N.Y. 1996) (dismissing Section 11 claim that sounded in fraud for failure to plead scienter); *IAM Nat'l Pension Fund v. Farfetch Limited*, No. 21-2752-cv, 2023 WL 2879304, at *1 (2d Cir. Apr. 11, 2023) (summary order) (explaining that "although claims under Sections 11 and 12(a) of the Securities Act are ordinarily subject to the pleading standards of Federal Rule of Civil Procedure 8(a), allegations that sound in fraud are subject to the heightened pleading standard of Rule 9(b) even though *scienter* is not an element of the Securities Act claims"). Here, the SAC does not even attempt to plead the Underwriter Defendants acted with scienter, let alone plead it with any particularity. On the contrary, "Plaintiff specifically disclaims any allegation of fraud, scienter, or recklessness" with regards to the Section 11 claim against the Underwriter Defendants. (*See* SAC ¶ 31.) The claim should be dismissed for that reason alone.

Even if Rule 9(b) did not apply—and it does—the single Section 11 claim against the Underwriter Defendants should still be dismissed because the SAC's only negligence allegations about the Underwriter Defendants are entirely conclusory. Rule 8 requires that allegations provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This must be done with *facts* and not with conclusory allegations. *See Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188–89 (2d Cir. 2020) (court will not "credit conclusory allegations or legal conclusions couched as factual . . . allegations"); *White v. UMG Recordings, Inc.*, No. 20 CIV. 9971 (AT), 2021 WL 6052106, at *2 (S.D.N.Y. Dec. 21, 2021) (court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions"). In the SAC, Plaintiff adds four paragraphs (*see* SAC ¶¶ 54-57) in an attempt to bolster the negligence allegations against the Underwriters Defendants, but none of these allegations move the needle. None of the four paragraphs provide any actual facts indicating Underwriter Defendants failed to carry out a reasonable investigation. They simply declare this to be the case. The SAC does not give any indication of a measure or method or inquiry that Underwriter Defendants failed to perform. For these reasons, Plaintiff's claim against the Underwriter Defendants also fails under Rule 8.

\*       \*       \*

Hon. Gregory H. Woods                    - 3 -                                July 14, 2025


We thank the Court for its attention to this matter and we are available at the Court's convenience to address the foregoing issues.


Respectfully submitted,

*/s/ Andrew L. Van Houter*

Andrew L. Van Houter

cc:    All Counsel of record (via ECF)